# EXHIBIT A

Ryan S. Anderson, Esq. (SB# 290654)
Anderson Hayes, P.C.
P.O. Box 752
Rancho Santa Fe, CA 92067
Tel: (858) 756-5558
Fax: (858) 756-8844
Ryan@andersonhayes.com

Attorney for PLAINTIFFS

FILED
CIVIL BUSINESS OFFICE 20
CENTRAL DIVISION

2017 NOV 21  PM 12: 00

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

NOV 21 '17 AM11:51

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
SAN DIEGO CENTRAL

| KYLE DEPWEG, an individual, DUSTIN THOMPSON, an individual, and KEVIN BELLOCK, an individual, <br><br> PLAINTIFFS <br><br> vs.. <br><br> MRS. GOOCH'S NATURAL FOOD MARKETS, INC., a California Corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California Corporation, and DOES 1-10, <br><br> DEFENDANTS | Case No.: 37-2017-00044379-CU-OE-CTL <br><br> **CLASS ACTION COMPLAINT FOR:** <br> 1) FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF CAL. LAB. CODE § 226.7 <br> 2) FAILURE TO REMIT GRATUITIES (CAL. LAB. CODE § 351, ENFORCED THROUGH UCL) <br> 3) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200, et seq.); <br> 4) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and, <br> 5) CONVERSION <br> 6) WAITING TIME PENALTIES PURSUANT TO CAL. LAB. CODE § 203 |
|---|---|

## FACTUAL INTRODUCTION

1. Mrs. Gooch's Natural Food Markets, Inc. ("Mrs. Gooch's") is a commercial grocery store/seller of prepared foods operating in California. Plaintiff is informed and believes and

- 1 -

thereon alleges that Mrs. Gooch's is a wholly owned subsidiary of Whole Foods Market California, Inc. and/or Whole Foods Market, Inc., a Texas Corporation.

2. Defendant Whole Foods Market California, Inc. ("Whole Foods California") is a commercial grocery store chain operating in California. Whole Foods California operates the Whole Foods Market located at 2600 Via De La Valle, Suite 100, San Diego, California 92014 ("Whole Foods Del Mar"). This store was opened on February 27, 2013.

3. Within Whole Foods Del Mar, located in San Diego, Mrs. Gooch's operates a tavern where customers can order beer, wine, and prepared meals. It is a full service restaurant within the grocery market. This tavern is called Trifecta Tavern.

4. Trifecta Tavern shares kitchen staff workers with the grocery store portion of Whole Foods Del Mar, however, Trifecta Tavern has dedicated wait staff that are employed to serve drinks and food to patrons of the tavern. All employees of Trifecta Tavern and Whole Foods Del Mar receive paychecks with Mrs. Gooch's as the payor on the paychecks.

5. From February 27, 2013 until approximately December 2016, management of Whole Foods Del Mar instituted and insisted on a tip pooling system for Trifecta Tavern that required wait staff to share tips left by customers, for the service provided by the wait staff, with the kitchen staff and others not in the line of service in violation of the California Labor Code Section 351, enforced through the Unfair Competition Law (Bus. and Prof. Code Section 17200, et seq.) and the Fair Labor Standards Act. Whole Foods Del Mar also engaged in such other California Labor Code violations such as failing to provide rest breaks in violation of California Labor Code Section 226.7, failure to provide accurate wage statements in violation of California Labor Code Section 226, and failure to timely pay wages upon termination in violation of California Labor Code Section 203.

6. The purpose of this suit is for PLAINTIFFS to recover wages for rest breaks not provided and to recover such gratuity sums unlawfully misappropriated from them to their detriment and to the benefit of others.

**THE PARTIES**

7. Plaintiff Kyle Depweg, a resident of the State of California, County of San Diego, was an employee of Trifecta Tavern within Whole Foods Del Mar, at all times pertinent to this Complaint. Mr. Depweg performed services for Whole Foods Market California as a server, venue supervisor, and lead bartender at Trifecta Tavern within Whole Foods Del Mar. On or about September 8, 2017, Mr. Depweg was placed on unpaid suspension by Whole Foods Del Mar until his termination on September 13, 2017.

8. Plaintiff Dustin Thompson, a resident of the State of California, County of San Diego, is a server at Whole Foods Del Mar, Trifecta Tavern, from on or about August 2013 until present.

9. Plaintiff Kevin Bellock, a resident of the State of California, County of San Diego, is a server at Whole Foods Del Mar, Trifecta Tavern, from on or about August 2013 until present.

10. DEFENDANT MRS. GOOCH'S NATURAL FOOD MARKETS, INC. is a California corporation. PLAINTIFFS are informed and believe and thereon allege that DEFENDANT is a wholly owned subsidiary of Whole Foods Market, Inc., a Texas Corporation and/or Whole Foods Market California, Inc., a California Corporation.

11. DEFENDANT Whole Foods Market California, Inc. is a California corporation. PLAINTIFFS are informed and believe and thereon allege that DEFENDANT is a wholly owned subsidiary of Whole Foods Market, Inc., a Texas Corporation. PLAINTIFFS are informed and believe and thereon allege that Whole Foods Market, Inc., a Texas corporation, is a wholly owned subsidiary of Amazon.com, Inc., a Delaware corporation.

12. PLAINTIFFS are informed and believe and thereon allege that DEFENDANT Whole Foods Market California, Inc. and DEFENDANT Mrs. Gooch's Natural Food Markets, Inc. are alter egos of each other. They share employees, employees of each are paid by DEFENDANT Mrs. Gooch's Natural Food Markets, Inc., they share locations, and they share the same officers and directors.

13. PLAINTIFFS are informed and believe and thereon allege that, at all times herein mentioned, each of the defendants was the agent, partner, associate, joint venture, or employee of each of the remaining defendants and were, at all times herein mentioned, acting within the course and scope of such agency and employment and with the permission, consent, and knowledge of said co-defendants.

14. Wherever appearing in this Complaint, each and every reference to defendants and to any of them, is intended to be and shall be a reference to all defendants hereto, and to each of them, named and unnamed, including all fictitiously named defendants, unless said reference is otherwise specifically qualified.

15. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as DOES 1 through 10, inclusive, are presently unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code Sec. 474. PLAINTIFFS are informed and believe, and thereon allege that each of the Defendants designated herein is legally responsible in some manner for the unlawful acts referred to herein. PLAINTIFFS will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants when they have been ascertained and become known.

////////////////////////

## The Conduct

16. PLAINTIFFS Kyle Depweg, Dustin Thompson, and Kevin Bellock ("PLAINTIFFS"), each an individual, allege the following:

17. PLAINTIFFS Kyle Depweg, Dustin Thompson, and Kevin Bellock ("PLAINTIFFS") worked for DEFENDANTS Mrs. Gooch's Natural Food Markets, Inc. and/or Whole Foods Market California, Inc. as servers for various durations during the period between February of 2013 to present and were classified by DEFENDANTS as "employees," subject to Industrial Welfare Commission Order #5, at all times relevant mentioned herein.

18. At all times relevant herein, PLAINTIFFS performed services for and for the benefit of DEFENDANT Whole Foods Market California and/or Mrs. Gooch's Natural Food Markets, Inc. They were each paid an hourly wage, but also were capable of earning tips for their work performed serving customers of Trifecta Tavern.

19. On or about the time Whole Foods Del Mar opened, Trifecta Tavern utilized a schedule in which a single server was responsible for all tables and guests during any given shift. In fact, Trifecta Tavern generally only schedules four (4) persons on any given day, one waiter and one cook per shift, with only two shifts possible. Generally, this single server scheduling practice was the normal practice of Whole Foods Del Mar at all times pertinent herein, and is currently the scheduling practice. This scheduling practice did not, and does not, permit wait staff any opportunity to take a break, as this would leave the bar unattended, a result Whole Foods Del Mar has explicitly banned. When the kitchen staff takes their break, the wait staff must simultaneously take on cooking duties as well as serving duties.

20. From on or about February 27, 2013, until approximately February 2016, Whole Foods Del Mar instituted a tip pooling policy requiring that each of PLAINTIFFS contribute all tips

- 5 -

given to each of them into a common tip pool fund ("TIP POOL") for the benefit of all of the employees of Trifecta Tavern within Whole Foods Del Mar.

21. Whole Foods Del Mar's tip pool policy, until February 2016, required that all funds deposited into the TIP POOL be placed into a locked box, inaccessible to PLAINTIFFS without management, whereupon management would later disperse such TIP POOL funds to all staff of the Trifecta Tavern, including kitchen staff and others not in the line of service. Also included in the TIP POOL was management staff of Trifecta Tavern, who did not have any effect or take part in any service to the customers. Such staff took a portion of the tips while performing only administrative duties for Trifecta Tavern.

15. After February 2016, Whole Foods Del Mar changed their tip pooling policy to exclude kitchen staff and others not in the line of service so as to be in conformance with the law, however, Whole Foods Del Mar still required that the TIP POOL funds be misappropriated to server personnel not on the clock at the time such tips were given to each individual plaintiff receiving them. This policy of misappropriating tips to personnel not working during the shifts they were given is still in effect, and has the effect of misappropriating tips earned during any given shift to personnel having not earned them.

16. At all times between February 2013 and February 2016, when the TIP POOL policy included kitchen staff and others not in the chain of service, PLAINTIFFS received approximately three hundred to four hundred dollars ($300-$400) in gratuity wages per week. Upon the conclusion of this policy permitting tips to be shared with kitchen staff and others not in the chain of service, PLAINTIFFS gratuity wages per week increased to approximately nine hundred to one thousand dollars ($900-$1000) per week. The change in policy resulted in an increase of gratuity-based wages of $600 to $700 per week.

- 6 -

17. PLAINTIFFS are informed and believe and thereon allege that the increase in their gratuity based wages per week is a direct result of such gratuities not being shared with multiple persons working in the kitchen staff and other positions not in the chain of service.

18. As stated above, following the change in the TIP POOL policy to exclude kitchen staff and others not in the chain of service from the TIP POOL, Whole Foods Del Mar still required that PLAINTIFFS share gratuity based wages earned during each of his shifts with server personnel working a different shift in any given day. Such a policy resulted in evening waiters being deprived of their lawfully earned property (tips), as the evening shift generally encounters higher patron traffic than the earlier shift.

19. Each of these TIP POOL practices resulted in a taking of lawfully earned gratuity wages in violation of Labor Code Section 351, which provides that gratuities are the property of the person to whom they are left.

20. PLAINTIFFS also allege that Whole Foods Del Mar deprived PLAINTIFFS, and each of them, of a 10 minute break, as required by law, at various points in their employment with Whole Foods Market California, Inc.

21. As a result of PLAINTIFFS being deprived of their lawfully earned gratuity wages, each and every wage statement provided to PLAINTIFFS, and each of them, was inaccurate and not in conformance with the requirements of the California Labor Code.

22. Additionally, PLAINTIFFS no longer working for Whole Foods Del Mar are entitled to waiting time penalties for such failure to pay these lawfully earned wages.

23. Plaintiff Kyle Depweg is informed and believes and thereon alleges that his suspension without pay for five (5) days prior to his termination was in fact constructive termination, as Mr. Depweg alleges that such termination was not executed on the day he was terminated

- 7 -

because Whole Foods Del Mar was not ready to pay Mr. Depweg all wages owed to him within 24 hours, as required by California law, and thus suspended him so as to subvert this statute.

24. As a result of these unlawful TIP POOL practices and failure to provide rest breaks, DEFENDANTS committed acts of unfair competition in violation of the California Unfair Competition law, California Business & Professions Code §§ 17200, et seq. (the "UCL"), by engaging in a store-wide policy, practice and procedure which uniformly failed to properly compensate PLAINTIFFS and thereby failed to pay them all gratuity wages earned in violation of Labor Code Section 351.

25. DEFENDANTS acted deceptively by violating the California labor laws, and as a result of this policy and practice, DEFENDANTS also violated the UCL. In doing so, DEFENDANTS gained an unfair, commercial advantage over their competition by paying PLAINTIFFS less than the amount competitors paid who complied with the law and further harmed PLAINTIFFS by not paying them in accordance with California law.

### VENUE AND JURISDICTION

26. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure §410.10 and California Business & Professions Code § 17203. The PLAINTIFFS, the store in which they worked, and the damages all originated in San Diego County.

27. Venue is proper in San Diego CENTRAL because the Whole Foods Market California store where each Plaintiff worked, Whole Foods Del Mar, was located in this county and within the zip code assigned to the Central Division of San Diego Superior Court.

///////////////

- 8 -

### FIRST CAUSE OF ACTION
#### Failure to Provide Mandated Rest Periods
[California Labor Code Section 226.7 and I.W.C. Wage Orders 5-2001, 15-2001]
(Against All Defendants)

28. Since at least four years prior to commencement of this action, PLAINTIFFS have regularly worked without any rest periods that are required by Wage Order 5-2001, 15-2001. See Brinker, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.")

29. Because Whole Foods Market California and Mrs. Gooch's, specifically the store Whole Foods Del Mar, failed to provide proper rest periods, they are liable to PLAINTIFFS for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code Section 226.7 and Wage Orders 5-2001, 15-2001, as well as interest thereon, plus reasonable attorney's fees and costs of suit pursuant to Civil Procedure Code Section 1021.5.

30. PLAINTIFFS also request relief as described further below.

### SECOND CAUSE OF ACTION
#### Failure to Remit Gratuities
{Cal. Lab. Code § 351 enforced through the UCL; Fair Labor Standards Act]
(Against All Defendants)

31. PLAINTIFFS re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1-30 of this Complaint.

32. DEFENDANT Whole Foods Market California's conduct, as set forth above, in failing to remit *ALL* gratuities to PLAINTIFFS constitutes a violation of Cal. Labor Code § 351, Section 203(m) of the Fair Labor Standards Act, and the rules promulgated by the Department of Labor pursuant to the Fair Labor Standards Act. These violations are enforceable pursuant to UCL § 17200, et seq.

- 9 -

33. PLAINTIFFS, and each of them, were given monetary gratuities by customers of Trifecta Tavern in Whole Foods Del Mar, and each of those customers had the expectation and intent that such gratuity be the property of the wait staff serving them, or at the very least, shared only among those in the chain of service.

34. DEFENDANT Whole Foods Market California, particularly Whole Foods Del Mar, in fact had a policy and practice of forcing wait staff employees to contribute all gratuities received during their shift to a general tip fund, which Whole Foods Del Mar mandated be shared among all staff of Trifecta Tavern, including kitchen staff and others not in the chain of service.

35. PLAINTIFFS and customers of the Trifecta Tavern were in an economic relationship that would have resulted in an economic benefit to PLAINTIFFS because of the gratuities left by customers for the service provided by PLAINTIFFS.

36. Whole Foods Market California, particularly Whole Foods Del Mar, knew of the economic relationship between the PLAINTIFFS and Customers of the Trifecta Tavern.

37. Whole Foods Market California intended to disrupt this relationship which permitted PLAINTIFFS to gain economic advantage from their labor by requiring that PLAINTIFFS forfeit and/or transfer part of their lawfully earned wages, pursuant to Cal. Lab. Code § 351, to personnel not in the chain of service and not earning such gratuity.

38. PLAINTIFFS were deprived of their gratuity wages, thus economically harming them by depriving each of them of their property.

39. Whole Foods Market California's wrongful conduct caused PLAINTIFFS' harm.

////////////////////////

- 10 -

## THIRD CAUSE OF ACTION
### *UNLAWFUL, UNFAIR AND DECEPTIVE* BUSINESS PRACTICES
[California Business & Professions Code §§ 17200, et seq.]
(Against All Defendants)

40. PLAINTIFFS re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 39 of this Complaint.

41. By the conduct alleged herein, DEFENDANTS have engaged and continue to engage in business practices which violate California and Federal law, including but not limited to the applicable Industrial Wage Orders, the California Labor Code including Sections 226 and 226.7, and the Fair Labor Standards Act, for which this Court should issue declaratory, injunctive, and other equitable relief pursuant to California Business & Professions Code §17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution wages wrongfully withheld from PLAINTIFFS.

42. By the conduct alleged herein DEFENDANTS have obtained and disbursed valuable property, money, and services from PLAINTIFFS, and have deprived them of valuable rights and benefits guaranteed by law, all to the detriment of PLAINTIFFS and to the benefit of DEFENDANTS and so as to allow DEFENDANTS to unfairly compete. Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not afford adequate and complete relief.

43. All the acts described herein as violations of, among other things, the California Labor Code, the Industrial Welfare Commission Wage Orders, and the Fair Labor Standards Act were unlawful, were in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, and were likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of California Business & Professions Code §§17200, et seq.

44. By the conduct alleged herein, DEFENDANTS' practices were deceptive and fraudulent because DEFENDANTS' uniform policies and practices were to represent to PLAINTIFFS that they were not entitled to all of their lawfully earned gratuity wages pursuant to a lawful tip pool, when in fact these representations were false and likely to deceive and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code §17203, including restitution of wages wrongfully withheld.

45. By the conduct alleged herein, DEFENDANTS' practices were also unlawful, unfair and deceptive in that DEFENDANTS' employment practices caused PLAINTIFFS to be underpaid during their employment with DEFENDANTS because they were denied the full extent of their gratuity wages through DEFENDANTS' unlawful tip pooling practices.

46. PLAINTIFFS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANTS have acquired and unlawfully dispersed, by means of the above described unlawful and unfair business practices, including denying PLAINTIFFS the full amount of their lawfully earned gratuity wages due to DEFENDANTS implementation of an unlawful tip pooling policy.

47. PLAINTIFFS are further entitled to, and do, seek a declaration that the described business practices were unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from engaging in any unlawful and unfair business practices in the future.

48. Therefore, each PLAINTIFF is entitled to restitution from DEFENDANTS of all gratuity wages wrongfully withheld and dispersed to kitchen staff and others not in the chain of service as part of DEFENDANTS' unlawful tip pooling practice.

49. PLAINTIFFS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANTS. Further, the unlawful tip polling practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFFS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANTS are restrained from continuing to engage in these unlawful and unfair business practices.

### FOURTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS
[Cal. Lab. Code §226]
(Against All Defendants)

50. PLAINTIFFS re-allege and incorporate by reference as though fully set forth in full at this point, paragraphs 1 through 40 of this Complaint.

51. At all times relevant herein, DEFENDANTS violated Labor Code Section 226, in that DEFENDANTS failed, and continue to fail, to properly ***and accurately*** itemize the gross wages earned, all deductions, and net wages earned during the pay period because DEFENDANTS consistently deduct and unlawfully allocate gratuity wages earned by PLAINTIFFS to other personnel, including kitchen staff and others not in the line of service.

52. DEFENDANTS knowingly and intentionally failed to comply with Labor Code Section 226 by virtue of knowingly and intentionally instituting an unlawful tip pooling policy, causing damages to PLAINTIFFS. These damages include, but are not limited to, costs expended calculating the actual gratuity wages earned and the aggregate amount of gratuity wages earned by PLAINTIFFS but paid to others. These damages are difficult to estimate.

### FIFTH CAUSE OF ACTION
### CONVERSION
(as to all Defendants)

53. PLAINTIFFS re-allege and incorporate by reference as though set forth in full at this point, paragraphs 1 through 43 or this Complaint.

54. PLAINTIFFS had a right to possess all gratuity monies earned, but not paid. PLAINTIFFS did not receive all gratuity monies earned because DEFENDANTS instituted an unlawful tip pooling practice and policy which required PLAINTIFFS to share gratuities earned by PLAINTIFFS with kitchen staff and others not in the line of service.

55. DEFENDANTS intentionally and substantially interfered with PLAINTIFFS' right to those gratuities earned by taking possession of all gratuities earned by all servers in the day and thereafter allocating and dispersing those gratuities in a manner that either compensated kitchen staff and others not in the chain of service, or otherwise allocated tips to staff in a manner inconsistent with the tips left at the time they were left.

56. PLAINTIFFS did not consent to this taking, but were forced to accept such unlawful taking as a requirement of continued employment.

57. The above acts constitute conversion because PLAINTIFFS entrusted DEFENDANTS to pay out the gratuities earned by them, and each of them, in accordance with the Fair Labor Standards Act, the California Labor Code and other applicable wage orders and not fraudulently appropriate such money for the benefit of others so that DEFENDANT may gain an advantage.

58. PLAINTIFFS have been harmed, and continue to be harmed by such unlawful taking of gratuity wages earned but unpaid.

59. DEFENDANTS' conduct was a substantial factor in causing harm because they were and are the parties responsible for the taking.

////////////////////////////

## SIXTH CAUSE OF ACTION
### Failure to Pay Compensation Due Upon Termination/Waiting Time Penalties
[Cal. Lab. Code §§201-203]
(Against All Defendants)

60. PLAINTIFFS re-allege and incorporate by reference as though set forth in full at this point, paragraphs 1-59 of this Complaint.

61. California Labor Code §§ 201 and 202 require Whole Foods Market California and/or Mrs. Gooch's to pay all compensation due and owing to former servers of Trifecta Tavern immediately upon discharge or within seventy-two hours of their termination of employment. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

62. Whole Foods Market California willfully failed to pay Plaintiff Depweg his wages upon discharge. Depweg was constructively terminated on Friday, September 8, 2017, when Whole Foods Market California suspended Depweg, without pay, until Wednesday, September 13, 2017, when Depweg was told he was terminated. Depweg did not work any shifts for Whole Foods Market California between September 8, 2017 and September 13, 2017.

63. Depweg is informed and believes and thereon alleges that Whole Foods Market California had not yet calculated his tip pool share at the time of his suspension, thus rendering Whole Foods Market California incapable of paying all wages lawfully owed at the time of termination, as required by the California Labor Code. To avoid owing waiting time penalties, Whole Foods Market California suspended Depweg while it calculated such wages owed to Depweg, and terminated him thereafter. Depweg was constructively terminated upon

suspension, and is thus entitled to waiting time penalties due to Whole Foods Market California's inability to pay him wages upon termination.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

A. That the Court declare that Whole Foods Market California's policies and/or practices of failing to provide rest periods violates California Labor Code § 226.7 and Wage Orders 5-2001, 15-2001 by failing to provide them a rest period of at least ten minutes for every four hours of work or major portion thereof;

B. That the Court declare that, as to Depweg, Whole Foods Market California has violated California Labor Code §§ 201-203 for willful failure to pay compensation at the time of termination of employment, resulting in unpaid waiting time penalties;

C. That the Court declare that Whole Foods Market California's policies and/or practices of failing to furnish timely and accurate wage statement violates California Labor Code § 226;

D. That the Court declare that Whole Foods Market California's policy and/or practice of failing to remit all gratuities to personnel earning them in the chain of service violates California Labor Code § 351 and Business and Professions Code § 17200, et seq.;

E. That the Court declare that Whole Foods Market California's above-mentioned policies and/or practices violate the UCL (Cal. Bus. & Prof. Code §§ 17200-17208) and Labor Code 1199;

F. An order preliminarily and permanently enjoining Whole Foods Market California from engaging in the practices challenged herein;

G. An award to PLAINTIFFS of one (1) hour of additional pay at the regular rate of compensation for each workday that rest periods were not provided, pursuant to California Labor Code § 226.7 and Wage Orders 5-2001, 15-2001 and interest thereon;

H. An award to PLAINTIFFS for all unpaid gratuities, and interest thereon, subject to proof at trial;

I. An award of damages to PLAINTIFFS for Whole Foods Market California's failure to provide accurate itemized wage statements, pursuant to Cal. Labor Code §226(a);

J. An award of damages to PLAINTIFFS for Whole Foods Market California's conversion of property lawfully belonging to PLAINTIFFS;

K. An award, as waiting time penalties pursuant to Cal. Labor Code § 203, to Plaintiff Depweg who was terminated from Whole Foods Market California but was not paid upon termination as required;

L. Interest accrued to date under the California Labor Code, including under Sections 226.7;

M. For an order that Whole Foods Market California make restitution to PLAINTIFFS for their unlawful business practices as described herein pursuant to California Business and Professions Code §§ 17200-17205 and California Labor Code § 1199;

N. An award to PLAINTIFFS of reasonable attorney's fees and costs, pursuant to California Labor Code Section 226 and 226.7, and pursuant to the Fair Labor Standards Act;

O. Such other and further relief that the Court may deem just and proper.

Respectfully Submitted

Dated: 11/21/17         By: _____

Ryan S. Anderson, Esq.

- 17 -